IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 DEC -8 A 10: 12
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ROBIN ATWELL, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 2:06CV1089-MEF |
| | ) |
| SMART ALABAMA, LLC, a legal entity, | ) *JURY DEMAND* |
| | ) |
| Defendant. | ) |

## COMPLAINT

1. This is an action at law pursuant to 42 U.S.C. § 2000e *et seq.*, to redress unlawful employment practices. The jurisdiction of this court is invoked under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4), as this matter in controversy involves a federal question and is an action by Federal law to redress civil rights secured to the plaintiff.

2. On May 16, 2006, the plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"). The plaintiff filed her Charge of Discrimination within 180 days of the most recent discriminatory act. On October 16, 2006, the plaintiff received from the EEOC a Notice of Right to Sue. The plaintiff has filed her lawsuit within 90 days of the receipt of the Notice of Rigth to Sue and therefore has met all administrative prerequisites to the filing of this action.

## PARTIES

3. The plaintiff, Robin Atwell, is over the age of 21 years, and is a citizen of the

United States and is a resident of the State of Alabama.

4. The defendant, Smart Alabama, LLC, at all times pertinent to the allegations contained in this complaint, was doing business in Crenshaw County, Alabama. At all times relevant hereto, the defendant was plaintiff's employer, and is an employer within the meaning of 42 U.S.C. § 2000e-9(b).

## FACTS

5. On or about August 25, 2005, the Plaintiff was hired as an assembly technician by the defendant, Smart Alabama, LLC. On or about November 14, 2005, she became a safety assistant, which required her to transfer to a different part of the plant.

6. From November 16, 2005 through February 7, 2006, she was sexually harassed by her supervisor, Rance Maddox. During this time, the Plaintiff made complaints to management of unwelcomed sexual harassment. The Plaintiff complained that she was being subjected to unwelcomed and uninvited sexual harassment by Rance Maddox who, at that time, was an employee of the defendant (please see the description of the sexual harassment, attached as Exhibit A).

7. The defendant did not take reasonable and sufficient corrective action in response to the Plaintiff's complaints and the sexual harassment continued unabated.

8. Instead of taking necessary and reasonable corrective action in response to the Plaintiff's complaints, the defendant ratified and condoned the unlawful acts and did so despite having actual and legal knowledge and notice of those unlawful and discriminatory acts; or, if the defendant did take corrective action then such action was inadequate and did not end the unlawful acts or correct the adverse effects of

the unlawful acts.

9. The unlawful acts complained of were malicious and were perpetrated again the Plaintiff with a reckless indifference to the Plaintiff's protected civil rights.

10. Following the Plaintiff's complaints and notice to the defendant as described hereinabove, and the defendant's ratification of the harassment, the Plaintiff was forced to resign from her employment in February 2006 with the defendant due to the hostile environment and the defendant's refusal to address the sexual harassment.

## COUNT I

11. Plaintiff realleges and readopts paragraphs 1 through 10 above as if fully set forth herein.

12. The plaintiff was subjected to unlawful discrimination and harassment in violation of 42 U.S.C. § 2000(e) *et seq.*, in that plaintiff was subjected to an unwelcomed and uninvited sexual harassment and when plaintiff brought this to the attention of her supervisors, nothing was done to remedy the situation; or, if steps were taken in attempt to remedy the situation, then such steps were inadequate, causing the plaintiff to resign from her employment with the defendant.

13. As a direct and proximate result of the defendant's discriminatory and harassing actions, the plaintiff has been deprived of economic and non-economic benefits, including, but not limited to lost wages, mental anguish, emotional distress, humiliation, embarrassment and loss of training and job education.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff prays that this Honorable Court will grant the following relief:

(i)     Declare the defendant's conduct to constitute a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*;

(ii)    Order the defendant to pay compensatory and punitive damages to the plaintiff in such an amount to be determined by a jury of the plaintiff's peers;

(iii)   Order the defendant to pay plaintiff's attorney's fees and costs relative to this action pursuant to U.S.C. § 2000e-5(k) and other lawful authority;

(iv)   Order the defendant to pay to the plaintiff all the pay and benefits she has lost as a result of the discriminatory and unlawful acts complained herein;

(v)    Order the defendant to cease and desist from the discriminatory and unlawful acts complained of herein;

(vi)   Order and award such other and further relief to which plaintiff is entitled and which this Honorable Court deems just and proper.

## COUNT II

14. Plaintiff adopts and realleges paragraphs 1 through 13 above as if fully set forth herein.

15. The Plaintiff was subjected to a hostile environment and sexually charged environment in violation 42 U.S.C. § 2000(e) *et seq.*, in that the defendant had actual and legal knowledge and notice that unlawful and discriminatory and sexually harassing practices were being perpetrated toward the Plaintiff in the workplace, yet the defendants failed to prevent or stop the unlawful and discriminatory practices.

16. The Plaintiff was subjected to sexual harassment in the workplace so severe and pervasive as to alter the terms and conditions of the Plaintiff's employment and to

create an abusive and hostile working environment.

17. As a direct and proximate result of the sexual harassment and the sexually charged workplace and the hostile working environment as described above, the Plaintiff has been deprived of economic and non-economic benefits, including but not limited to lost wages, emotional distress, mental anguish, humiliation, embarrassment and loss of training and job education.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff prays that this Honorable Court will grant the following relief:

(i) Declare the defendant's conduct to constitute a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*;

(ii) Order the defendant to pay compensatory and punitive damages to the plaintiff in such an amount to be determined by a jury of the plaintiff's peers;

(iii) Order the defendant to pay plaintiff's attorney's fees and costs relative to this action pursuant to U.S.C. § 2000e-5(k) and other lawful authority;

(iv) Order the defendant to pay to the plaintiff all the pay and benefits she has lost as a result of the discriminatory and unlawful acts complained herein;

(v) Order the defendant to cease and desist from the discriminatory and unlawful acts complained of herein;

(vi) Order and award such other and further relief to which plaintiff is entitled and which this Honorable Court deems just and proper.

/s/ Lindsey O. Hill
Richard F. Horsley (HOR023)
Lindsey O. Hill (HIL055)
Attorneys for Plaintiff

**OF COUNSEL:**

**GOOZEE, KING & HORSLEY**
**Shades Brook Bldg., Suite 200**
**3300 Cahaba Road**
**Birmingham, Alabama 35223**
**(205) 871-1310**

\*\*Plaintiff hereby demands a trial by struck jury on all issues of this case.\*\*

_____
Of Counsel

**SERVE DEFENDANT AS FOLLOWS:**

Smart Alabama, LLC                    *       **BY CERTIFIED MAIL**
c/o George B. Harris
401 Adams Ave., Ste. 780
Montgomery, Alabama 36104

Robin Atwell began her employment with Smart Alabama LLC on approximately August 25, 2005. She was trained during the first week and served as an assembly tech for the remainder of August until November 14, 2005.

On or about November 14, 2005, Robin Atwell became a safety assistant which required her to transfer to a different part of the plant. Her new office was actually located in the office of the safety director, Rance Maddox. From approximately November 16, 2005 through February 7, 2006, Robin Atwell was the subject of sexual harassment by Rance Maddox. The particulars are as follows:

* During her first week in Mr. Maddox's office, and continuing through January 2006, Mr. Maddox asked Mrs. Atwell on numerous occasions where she was eating and if she wanted to eat with him. When she would tell him she had other plans, on numerous occasions, he would show up wherever she was eating and ask if he could eat with her.

* On November 16, 2005, Mrs. Atwell's birthday, Rance Maddox hugged her. Although it was a birthday hug, the hug was inappropriately tight and long.

* From November 16, 2005 through the end of January 2006, Mr. Maddox repeatedly touched the Plaintiff on her arms and hands and attempted to hold hands with her while talking to her. This occurred on a daily basis.

* From November 16, 2005 through the end of January 2006, Mr. Maddox repeatedly put his arm around Mrs. Atwell and inappropriately rubbed her back.

* In December 2005, and continuing through January 2006, Mr. Maddox began asking Mrs. Atwell if she wanted to have drinks with him after work. At each request, she informed him that she would check with Kevin, her fiancé, and husband beginning on January 5, 2006. Regardless of her response, Mr. Maddox continued to ask her out for drinks knowing that she had a fiancé and a husband as of January 5, 2006.

* At some time between November 16, 2005 and December 1, 2005, Mr. Maddox made the comment to Mrs. Atwell that it was impossible for men to be monogamous in their sexual relations.

* On several occasions from the end of November 2005 through January 2006, Mr. Maddox asked Mrs. Atwell to travel to Montgomery, Alabama to meet him for drinks at Egor's, a local bar.

* On numerous occasions between November 16, 2005 and the end of January 2006, Mr. Maddox deliberately rubbed his pelvis area against Mrs. Atwell's buttocks.

* From November 16, 2005 through the end of January 2006, on numerous occasions, Mr. Maddox called the Plaintiff at her home, sometimes late at night. On each occasion, he would ask her what she was doing.



EXHIBIT A

- On several occasions between December 2005 and January 2006, Mr. Maddox asked Mrs. Atwell if her breast were real and asked her what they felt like. She felt as though he was inviting her to ask him to touch her breast.

- On several occasions between December 1, 2005 and the end of January 2006, Mr. Maddox made the comment "I've got a real man for you" to Mrs. Atwell.

- On January 18, 2006, while Mrs. Atwell was in the corner of the office working on a computer, Mr. Maddox grabbed both of her shoulders and squeezed them as if he were giving her a massage. He moved his hands over her shoulders where they were situated just above her breast and rubbed her.

- On numerous occasions between November 16, 2005 and the end of January 2006, Mr. Maddox touched the Plaintiff on her legs.

- Beginning in December 2005 and continuing through December 2006, Mr. Maddox hugged Mrs. Atwell inappropriately and stated "baby, I'll take care of you"...."we'll be a team"..."you've got to work with me". Mrs. Atwell perceived the clear meaning of these statements that Mr. Maddox would help her with working conditions and raises if she would engage in sexual activities with him. On one occasion during that same period of time, Mr. Maddox asked Mrs. Atwell to spend the night in Montgomery for a training session.

On or about January 18, 2006, Mrs. Atwell reported Mr. Maddox's conduct to Gary Sport, a managerial employee. Previously, during casual conversations, she had informed Mr. Sport that she was uncomfortable working around Mr. Maddox. Despite these discussions, Mr. Maddox had not been reprimanded or counseled in any way.

As a result of her reporting Mr. Maddox, Mr. Maddox began placing more job duties on Mrs. Atwell. Furthermore, as a result of her reporting her, Mr. Maddox began to make Mrs. Atwell's working environment intolerable and hostile. At some point toward the end of January 2006, Mrs. Atwell reported Mr. Maddox to Ruth Ryan in the human resources department. Ms. Ryan told Mrs. Atwell to simply be short with Rance and just do her job. She assured Mrs. Atwell that they were investigating her complaints as of February 1, 2006. As a result of this meeting, Mr. Maddox created a weekend work schedule and put Mrs. Atwell on the schedules during hours that he knew she could not work. Still, during this time, Mr. Maddox continued to touch Mrs. Atwell inappropriately.

Mr. Maddox began to fabricate complaints about Mrs. Atwell and on a couple of occasions wrote her up for excessive overtime, which had been previously approved by Gary Sport. She was also written up for wearing blue jeans.

On February 7, 2006, Mrs. Atwell again met with Ruth Ryan. She reported to Ms. Ryan that reporting Rance had simply increased the hostility of her work environment. Ms. Ryan informed Mrs. Atwell that they would place her on another line; however, she would still have to

FROM :Southland Haulers LLC      FAX NO. :3345270402      Oct. 20 2006 02:09PM P7

see Mr. Maddox everyday. Mrs. Atwell has been unable to return to work since that time due to severe emotional distress, depression and fear associated with the harassment and retaliation by Rance Maddox.

Smart Alabama LLC was made aware by Mrs. Atwell on numerous occasions about Mr. Maddox's sexual harassment toward her; however, they either did nothing or took measures that did not help or cure the problem. Smart Alabama LLC either was or should have been aware of previous and subsequent similar conduct by Mr. Maddox; however, he remained an employee.