# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

ROBIN ATWELL, an individual,      )
     )
      Plaintiff,      )
     )
        **CIVIL ACTION NO. 2:06 CV 1089-**
v.      )       **MEF**
     )
SMART ALABAMA, LLC, a legal entity, ,      )
     )
      Defendant.      )

## STIPULATION OF CONFIDENTIALITY

It is stipulated by and between the parties that, in order to protect the legitimate privacy interests of SMART Alabama, LLC, hereinafter "Defendant," its employees and former employees, and its customers, and the Plaintiff, as well as to provide certain documents relevant to the subject matter of this action, that all documents are produced subject to the following conditions, to which the parties and their counsel freely and voluntarily agree:

1.     The Plaintiff and her counsel and the Defendant and its counsel shall only use information or documents disclosed pursuant to this confidentiality stipulation for purposes of litigating this action, *Robin Atwell v. SMART Alabama, LLC*, in the United States District Court Middle District of Alabama, 2:06-CV-1089-MEF.

2.     To the extent information and/or documents are produced, such information and/or documents are produced only on the following conditions:

a.     "Plaintiff's counsel" shall include Richard Horsley as well as any attorney, staff member, paralegal or any other employee of Goozee, King & Horsley. "Defendant's

counsel" shall include Marcel L. Debruge, Ronald W. Flowers, Jr. and Kathryn M. Willis, as well as any attorney, staff member, paralegal or any other employee of Burr & Forman LLP.

      b.     Counsel for Plaintiff and Defendant expressly agree that all documents previously produced by either party, as well as the documents to be produced by either party in the future, which are clearly designated by the producing party as "CONFIDENTIAL" or "PROPRIETARY" or with substantially similar words will be treated as confidential documents in the future, unless waiver of such designation be obtained.

      (1)     To the extent such information and/or documents are disclosed to Plaintiff's counsel or Defendant's counsel, Plaintiff's counsel and Defendant's counsel shall return all such documents or other tangible forms of such information to Defendant's counsel or Plaintiff's counsel within four weeks of Defendant's counsel's or Plaintiff's counsel's request for return following the close of this action. Defendant's counsel and Plaintiff's counsel agree to retain such information and/or documents for a period of six years following their return. However, Defendant and Plaintiff will not be responsible for such information and/or documents to the extent they are destroyed or otherwise lost due to theft, fire or other acts of God.

      (2)     Such information and/or documents shall not be disclosed to anyone other than those with a legitimate need to know in the conduct of this litigation, and, if such a disclosure is made, it shall not be done until the person to whom the disclosure is made agrees to be bound by the terms of this Stipulation. Furthermore, if such a disclosure is made, the signatories to this Stipulation agree to be responsible for any breach committed by the individual to whom the information is disclosed.

      (3)     With respect to such information and/or documents, it is recognized that, in the conduct of litigation, such documents may need to be shown to non-

parties. Defendant's counsel and Plaintiff's counsel will make every effort to limit the disclosure of documents to non-parties only to the extent necessary to litigate this case. In these circumstances, such non-parties, other than expert witnesses, will be informed by Defendant's counsel, when appropriate, and Plaintiff's counsel, when appropriate, that such documents are confidential and their contents are not to be disclosed to others.

c.    With respect to documents that are designated as "HIGHLY CONFIDENTIAL," such documents shall not be disclosed to any person or entity other than counsel for the party to whom the documents are produced, and to the Court under seal, unless within fourteen days after designation, the party to whom the documents are produced objects in writing and the Court orders no designation or a different designation; specifically, unless the Court orders otherwise, such documents may not be shown and their contents may not be disclosed to the parties themselves, but such information may, however, be disclosed to a member of counsel's office staff actively engaged in and assisting counsel in the preparation for trial and the prosecution or the defense of this action.

(1)    The producing party shall clearly designate documents as "HIGHLY CONFIDENTIAL" if they involve the medical, psychological or psychiatric condition of named persons other than the plaintiff, or if they involve or include information pertaining to the compensation or discipline or discharge of named persons other than the plaintiff, or if they involve or include information relating to trade secrets, competitive advantage or disciplinary actions involving named persons other than the plaintiff.

(2)    To the extent such information and/or documents are disclosed, such documents or other tangible forms of such information shall be returned to Defendant's counsel or Plaintiff's counsel within four weeks of a request for their return following the close

of this action. Defendant's counsel and Plaintiff's counsel agree to retain such information and/or documents for a period of six years following their return. However, Defendant and Plaintiff will not be responsible for such information and/or documents to the extent they are destroyed or otherwise lost due to theft, fire or other acts of God.

3.    The foregoing terms shall be binding on the Plaintiff and Defendant, and their every privy, agent, employee, attorney, successor, assign, heir or legatee.

a.    The provisions of this Stipulation shall not terminate at the conclusion of this action.

b.    Nothing herein shall prevent a party from entering a document covered by this Stipulation into evidence that would otherwise be admissible, and nothing herein shall prevent any party or other person from objecting to discovery it believes to be otherwise improper.

c.    Plaintiff's counsel and Defendant's counsel are responsible for employing reasonable measures to control, consistent with this stipulation, duplication of, access to, and distribution of copies of documents and information regarding former and current employees.

4.    Upon acceptance by the Court, this Stipulation of Confidentiality shall become an order of the Court.

Dated: ____2/13/07____

_____
Richard Horsley
Attorney for Plaintiff

OF COUNSEL:

Richard Horsley
Goozee, King & Horsley
Shades Brook Building, Suite 200
3300 Cahaba Road
Birmingham, Alabama 35223


*Kathryn M. Willis*

Marcel L. Debruge (DEB006)
Ronald W. Flowers ASB-3635-A59F
Kathryn Morris Willis ASB-8533-N76M

Attorneys for Defendant
SMART ALABAMA, LLC

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3100
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100