# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **ROBIN ATWELL, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. CV-06-1089-MEF** |
| ) | |
| **SMART ALABAMA, LLC, a legal entity,** ) | |
| ) | |
| **Defendant.** ) | |

## SMART ALABAMA, LLC'S OBJECTIONS TO PLAINTIFF'S WITNESS AND EXHIBITS LISTS AND DEPOSITION EXCERPTS

COMES NOW Defendant SMART Alabama, LLC and objects to the Plaintiff's Exhibit List (Doc. 30), as well as her Designation of Deposition Testimony To Be Used At Trial (Doc. 31). The numbered objections apply to the corresponding numbered witnesses and exhibits in the Plaintiff's submission:

**A.    Witnesses**

SMART objects to Plaintiff calling any witness not listed by Plaintiff on her Witness List and/or her Rule 26(a) Initial Disclosures. SMART objects to Plaintiff calling any witness not identified through the scope of any discovery inquiry by Defendant. SMART objects to the use of any witness's statement or deposition in lieu of live testimony. Except to the extent Defendant itself offers such witnesses, Defendant specifically objects as follows to Plaintiff's listed witnesses:

1638393 v1

2. SMART objects to Plaintiff calling as a witness Kevin Atwell. He has no personal, first-hand knowledge pursuant to Federal Rule of Evidence 602 regarding Plaintiff's allegations against SMART, any alleged harassment Plaintiff experienced, whether Plaintiff reported any such harassment in a timely manner, whether SMART took corrective measures in response to Plaintiff's complaint, and whether she was in fact terminated. Testimony regarding events about which Kevin Atwell learned through Plaintiff is inadmissible hearsay pursuant to Federal Rule of Evidence 802. SMART objects to the calling of Mr. Atwell as a witness to the extent that his testimony contains inadmissible character evidence regarding the plaintiff pursuant to Federal Rule of Evidence 404. Finally, the probative value, if any, of the testimony of Mr. Atwell would be outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury pursuant to Federal Rule of Evidence 403.

6. SMART objects to Plaintiff calling as a witness Cathy Caldwell. Ms. Caldwell, who was never employed by SMART, has no personal, first-hand knowledge pursuant to Federal Rule of Evidence 602 regarding Plaintiff's allegations against SMART, any alleged harassment Plaintiff experienced, whether Plaintiff reported any such harassment in a timely manner, whether SMART took corrective measures in response to Plaintiff's complaint, and whether she was in fact terminated. Testimony regarding events about which Cathy Caldwell learned

through Plaintiff is inadmissible hearsay pursuant to Federal Rule of Evidence 802. SMART objects to the calling of Ms. Caldwell as a witness to the extent that her testimony contains inadmissible character evidence regarding the plaintiff pursuant to Federal Rule of Evidence 404. Finally, the probative value, if any, of the testimony of Ms. Caldwell would be outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury pursuant to Federal Rule of Evidence 403.

7. SMART objects to Plaintiff calling as a witness Misty Dicks. Ms. Dicks, who has never worked for SMART, has no personal, first-hand knowledge pursuant to Federal Rule of Evidence 602 regarding Plaintiff's allegations against SMART, any alleged harassment Plaintiff experienced, whether Plaintiff reported any such harassment in a timely manner, whether SMART took corrective measures in response to Plaintiff's complaint, and whether she was in fact terminated. Testimony regarding events about which Misty Dicks learned through Plaintiff is inadmissible hearsay pursuant to Federal Rule of Evidence 802. SMART objects to the calling of Ms. Dicks as a witness to the extent that her testimony contains inadmissible character evidence regarding the plaintiff pursuant to Federal Rule of Evidence 404. Finally, the probative value, if any, of the testimony of Ms. Dicks would be outweighed by the danger of unfair prejudice,

confusion of the issues, and misleading the jury pursuant to Federal Rule of Evidence 403.

8. SMART objects to plaintiff calling as a witness Dr. Charles Tompkins. To the extent Dr. Tompkins' testimony is regarding events or statements about which he learned through Plaintiff, such testimony is inadmissible hearsay pursuant to Federal Rule of Evidence 802. SMART objects to plaintiff calling as a witness Dr. Tompkins to the extent she intends to introduce expert testimony because plaintiff never disclosed Dr. Tompkins as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2).

9. Because she never worked at SMART, Janna Stephens has no personal, first-hand knowledge pursuant to Federal Rule of Evidence 602 regarding Plaintiff's employment at SMART, Plaintiff's allegations against SMART, any alleged harassment Plaintiff experienced, whether Plaintiff reported any such harassment in a timely manner, whether SMART took corrective measures in response to Plaintiff's complaint, and whether she was in fact terminated. Testimony regarding events about which Janna Stephens learned through Plaintiff is inadmissible hearsay pursuant to Federal Rule of Evidence 802. SMART objects to the calling of Ms. Stephens as a witness to the extent that her testimony contains inadmissible character evidence regarding the plaintiff pursuant to Federal Rule of Evidence 404. Finally, the probative value, if any, of the testimony of Ms.

Stephens would be outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury pursuant to Federal Rule of Evidence 403.

**Witnesses Plaintiff "May Present If the Need Arises:"**

11.     Plaintiff never identified Gin Roh as an individual having knowledge pursuant to Federal Rule of Civil Procedure 26(a).  Plaintiff listed "persons with knowledge of the acts committed by Rance Maddox" on page seven of her Response to Defendant SMART Alabama, LLC's First Interrogatories.  However, she did not list Mr. Roh as such a person.  Furthermore, in the event Mr. Roh is allowed to testify, testimony regarding events about which he learned through third parties is inadmissible hearsay pursuant to Federal Rule of Evidence 802.

12.     Plaintiff never identified Mr. Qwan as an individual having knowledge pursuant to Federal Rule of Civil Procedure 26(a).  Plaintiff listed "persons with knowledge of the acts committed by Rance Maddox" on page seven of her Response to Defendant SMART Alabama, LLC's First Interrogatories.  However, she did not list Mr. Qwan as such a person.  Furthermore, in the event Mr. Qwan is allowed to testify, testimony regarding events about which he learned through third parties is inadmissible hearsay pursuant to Federal Rule of Evidence 802.

**B.**     **Exhibits**

Except to the extent offered by Defendant, SMART objects to Plaintiff introducing any exhibit which has not been designated as required by Federal Rule of Civil Procedure 26(a) or has not been produced to SMART during discovery in this action. Except to the extent that Defendant itself offers such documents, Defendant raises the following specific objections to Plaintiff's list of exhibits:

1.   SMART objects to this exhibit to the extent it contains irrelevant and immaterial statements regarding Plaintiff's claims in this action. SMART also objects to this exhibit to the extent it contains hearsay that is inadmissible pursuant to Federal Rule of Evidence 802. Finally, SMART specifically objects to Plaintiff's use of her EEOC charge to the extent it is introduced in lieu of live testimony.

2.   SMART objects to this exhibit because it has not yet been authenticated pursuant to Federal Rule of Evidence 901. SMART also objects to this exhibit to the extent it contains information that is irrelevant and immaterial to Plaintiff's claims in this case. Finally, Defendant objects to Dr. Tompkins' billing records to the extent they contain hearsay that is inadmissible pursuant to Federal Rule of Evidence 802.

3.   SMART objects to plaintiff's introducing the certificate of credible coverage as an exhibit. To the extent that plaintiff intends to use this exhibit to show that she was terminated, this exhibit is irrelevant and immaterial pursuant to

Federal Rule of Evidence 402 because plaintiff has admitted she was not terminated from SMART. To the extent that plaintiff intends to use this exhibit to prove damages, this exhibit is due to be excluded on the grounds that its probative value, if any, would be outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury pursuant to Federal Rule of Evidence 403.

  4. SMART objects to this exhibit on the grounds that it contains hearsay for which there is not a listed exception pursuant to Federal Rule of Evidence 802. SMART also objects to Plaintiff's introduction of the calendars because they contain information that is irrelevant and immaterial to her claims in this case. Finally, SMART specifically objects to Plaintiff's use of her calendars to the extent they are introduced in lieu of live testimony.

  5. SMART objects to this exhibit because Plaintiff's vague and overbroad designation fails to identify sufficiently the exhibit to be used pursuant to Federal Rule of Civil Procedure 26(a)(3)(c). SMART objects to this exhibit on the grounds that its probative value, if any, would be outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury pursuant to Federal Rule of Evidence 403. Additionally, this exhibit is irrelevant and immaterial, pursuant to Federal Rules of Evidence 401 and 402 because plaintiff admits that she is unsure that this letter was ever received by anyone at SMART.

Because plaintiff fails to designate with specificity the exhibits to be used, SMART reserves all other objections.

6. SMART objects to this exhibit because Plaintiff's vague and overbroad designation fails to identify sufficiently the exhibit to be used pursuant to Federal Rule of Civil Procedure 26(a)(3)(c). Therefore, SMART reserves all objections to this exhibit until such time as it becomes clear to which letter Plaintiff is referring.

7. SMART objects to this exhibit on the grounds that it contains hearsay for which there is not a listed exception pursuant to Federal Rule of Evidence 802. SMART also objects to this exhibit on the grounds that its probative value, if any, would be outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury pursuant to Federal Rule of Evidence 403. This exhibit also contains information that is irrelevant and immaterial to Plaintiff's claims in this action.

8. SMART objects to this exhibit to the extent it contains statements which are immaterial and/or irrelevant pursuant to rules 401 and 402 of the Federal Rules of Evidence.

9. SMART objects to Plaintiff's use of Rance Maddox's affidavit to the extent it is introduced in lieu of live testimony.

12. To the extent that Plaintiff intends to use SMART's Answer as an exhibit, SMART objects on the grounds that such document is irrelevant and immaterial pursuant to Federal Rules of Evidence 401 and 402 and because it is not the best evidence.

13. SMART objects to this exhibit because Plaintiff's vague and overbroad designation fails to identify sufficiently the exhibits to be used pursuant to Federal Rule of Civil Procedure 26(a)(3)(c). SMART produced numerous documents in response to Plaintiff's Interrogatories and Requests for Production. Therefore, it is nearly impossible for SMART to know which documents Plaintiff may use. To the extent that Plaintiff intends to use SMART's actual Responses to Plaintiff's First Interrogatories and Request for Production of Documents as an exhibit, SMART objects on the grounds that such document is irrelevant and immaterial pursuant to Federal Rules of Evidence 401 and 402 and because it is not the best evidence. Because Plaintiff's Witness and Exhibit Lists fail to specify which document(s) Plaintiff may use, SMART reserves all other grounds.

14. SMART objects to the introduction of the doctor's note designated as Defendant's production document bate stamped 00086. First, this exhibit has not yet been authenticated pursuant to Federal Rule of Evidence 901. Second, SMART objects to this exhibit to the extent it contains information that is irrelevant and immaterial to Plaintiff's claims in this case. Finally, Defendant

objects to the note to the extent it contains hearsay that is inadmissible pursuant to Federal Rule of Evidence 802.

**B.     Deposition Testimony**

Except to the extent offered by Defendant, SMART objects to Plaintiff introducing the deposition testimony of any witness which has not been designated as required by Federal Rule of Civil Procedure 26(a). Except to the extent that Defendant itself offers such testimony, Defendant raises the following specific objections to Plaintiff's deposition testimony to be used at trial:

1.     Rance Maddox:[1]

a.     6:17-25:  SMART specifically objects to Plaintiff's use of Rance Maddox's deposition excerpt in lieu of live testimony to the extent Plaintiff intends to introduce such exhibit in violation of Federal Rule of Civil Procedure 32(a).

b.     16:8-18:  SMART specifically objects to Plaintiff's use of Rance Maddox's deposition excerpt in lieu of live testimony to the extent Plaintiff intends to introduce such exhibit in violation of Federal Rule of Civil Procedure 32(a).

---

[1] It is unclear from Doc. 31 which actual excerpts from Mr. Maddox's deposition Plaintiff intends to use. Therefore, SMART assumes that they are the ones listed above. However, because of this uncertainty, SMART reserves all grounds for objection in the event that the above excerpts do not accurately represent Plaintiff's disclosures.

  c. 19:22-25:  SMART specifically objects to Plaintiff's use of Rance Maddox's deposition excerpt in lieu of live testimony to the extent Plaintiff intends to introduce such exhibit in violation of Federal Rule of Civil Procedure 32(a).  SMART specifically objects to Plaintiff's use of this portion of Maddox's testimony as irrelevant and immaterial pursuant to Federal Rules of Evidence 401 and 402 because plaintiff has not made a claim as to SMART's hiring of Maddox.

  d. 24:3-25:  SMART specifically objects to Plaintiff's use of Rance Maddox's deposition excerpt in lieu of live testimony to the extent Plaintiff intends to introduce such exhibit in violation of Federal Rule of Civil Procedure 32(a).

  e. 25:1-9:  SMART specifically objects to Plaintiff's use of Rance Maddox's deposition excerpt in lieu of live testimony to the extent Plaintiff intends to introduce such exhibit in violation of Federal Rule of Civil Procedure 32(a).

  f. 66:1-21:  SMART specifically objects to Plaintiff's use of Rance Maddox's deposition excerpt in lieu of live testimony to the extent Plaintiff intends to introduce such exhibit in violation of Federal Rule of Civil Procedure 32(a).  SMART specifically objects to Plaintiff's use of this portion of Maddox's testimony as irrelevant and immaterial pursuant to Federal Rules of Evidence 401 and 402 because plaintiff admitted that no one told her she was terminated or that she needed to resign.

>/s/ Marcel L. Debruge
>Marcel L. Debruge (DEB006)
>Kathryn Morris Willis (MOR130)
>Austin E. Smith (SMI286)
>Attorneys for Defendant
>SMART ALABAMA, LLC

OF COUNSEL:

**BURR & FORMAN LLP**
3400 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to his office address through first-class, United States mail, postage prepaid, on this the 30th day of January, 2008:

>Richard F. Horsley, Esq.
>Lindsey O. Hill, Esq.
>Goozee, King & Horsley
>1 Metroplex, Suite 280
>Birmingham, Alabama 35209

>Thomas F. Kelly, Jr., P.C.
>17 Court Square
>P.O. Box 605
>Clayton, Alabama  36016

>/s/ Marcel L. Debruge
>OF COUNSEL