# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ROBIN ATWELL, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. CV-06-1089-MEF |
| | ) |
| SMART ALABAMA, LLC, a legal entity, | ) |
| | ) |
| Defendant. | ) |

## UNOPPOSED MOTION TO CONTINUE TRIAL DATE

**COMES NOW**, Defendant SMART Alabama, LLC ("SMART"), by and through its undersigned counsel and moves this Court to continue the current trial setting to the next available civil trial docket upon the following:

1. Pending SMART's Motion for Summary Judgment, this case has been set for this Court's trial docket for the two week period beginning March 3, 2008.

2. Counsel for SMART is scheduled to appear for a hearing before Region 10 of the National Labor Relations Board regarding unfair labor practice charges in Case 10-CA-37006, beginning March 12, 2008. (Complaint and Notice of Hearing, Exh. A).

3. The hearing will take place on March 12, 2008 will likely take approximately two (2) days, and will require that the undersigned counsel spend

1640177 v1

the entire weeks of March 3 and March 10, 2008, in preparation for and participating in the hearing.

4. As a result of the hearing before the NLRB, counsel for SMART will be unable to participate in the trial of this action during the 2-week civil trial term in March 2008.

5. Counsel contacted this Court's law clerk on February 5, 2008, for guidance as to how to handle this issue in the most expeditious manner possible.

6. Counsel for SMART spoke with counsel for plaintiff on February 6, 2008 and explained defense counsel's conflict. Plaintiff's counsel does not oppose SMART's Motion to continue the trial of this action until the court's next available civil trial docket.

7. Counsel for both Plaintiff and SMART are willing to engage in meaningful settlement negotiations pending the Motion for Summary Judgment, and continuing the trial setting to a later date would provide an opportunity for such discussions to take place.

WHEREFORE, PREMISES CONSIDERED, Defendant SMART Alabama, LLC respectfully requests that this Court grant its Motion to Continue.

Respectfully submitted,

*/s/ Marcel L. Debruge*
Marcel L. Debruge (DEB006)
Kathryn Morris Willis (MOR130)
Attorneys for Defendant
SMART ALABAMA, LLC

OF COUNSEL:

**BURR & FORMAN LLP**
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to his office address through first-class, United States mail, postage prepaid, on this the 6th day of February, 2008:

> Richard F. Horsley, Esq.
> Lindsey O. Hill, Esq.
> Goozee, King & Horsley
> 1 Metroplex, Suite 280
> Birmingham, Alabama 35209

> Thomas F. Kelly, Jr., P.C.
> 17 Court Square
> P.O. Box 605
> Clayton, Alabama  36016

*/s/ Marcel L. Debruge*
OF COUNSEL

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 10



KUMI MANUFACTURING OF ALABAMA, LLC.

and     Case 10-CA-37006

INTERNATIONAL UNION, UNITED AUTOMOBILE,
AEROSPACE, AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA, UAW

COMPLAINT AND NOTICE OF HEARING

It having been charged by International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America, UAW (herein referred to as the Union) that Kumi Manufacturing of Alabama, LLC, (herein referred to as the Respondent), has engaged and is engaging in certain unfair labor practices affecting commerce as set forth and defined in the National Labor Relations Act, 29 U.S.C. Sec. 151 et seq., (herein called the Act), the General Counsel of the National Labor Relations Board, on behalf of the National Labor Relations Board (herein called the Board), by the undersigned pursuant to Section 10(b) of the Act and Section 102.15 of the Board's Rules and Regulations, Series 8, as amended, hereby issues this Complaint and Notice of Hearing and alleges as follows:

1. The charge in this proceeding was filed by the Union on September 12, 2007, and a copy was served by regular mail upon Respondent on the same date.

2. At all material times Respondent, an Alabama Limited Liability Company, with an office and place of business located in Clanton, Alabama, herein called the Respondent's facility, has been engaged in the manufacture of automotive parts.

3. During the past twelve months, a representative period, the Employer purchased and received goods valued in excess of $50,000 directly from suppliers located outside the State of Alabama.

4. At all material times Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

5. At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

6. At all material times, the following individuals have held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

| | | |
|---|---|---|
| (a) | Deborah Meeks | Human Resources Manager |
| (b) | Karen Sparks | Production Coordinator |
| (c) | Andy Salter | Supervisor |
| (d) | Barbara Ray | Quality Coordinator |
| (e) | Kenneth E. Maudlin | Supervisor |
| (f) | Matthew L. Galusha | Supervisor |
| (g) | Micah C. McDonald | Quality Customer Service Coordinator |
| (h) | Ryan Ivey | Supervisor |
| (i) | Shawn Y. Coleman | Quality Assistant Manager |
| (j) | Jack R. Coltrain | Quality Manager |

8. Since before March 12, 2007, and continuing to date, the Respondent has maintained the following written work rule in its employee handbook, customarily distributed to employees:

> "In order to avoid work interruptions which interfere with successful production operations, KMA will not permit solicitations of any nature by an associate during work time, i.e. the time that the associate soliciting or the associate being solicited are actually supposed to be performing work duties; all solicitation must have the approval of Human Resources.
>
> Persons not authorized by KMA will not be permitted on KMA property at any time to solicit or to distribute literature."

9. On or about May 24, 2007, the Respondent issued a written warning to its employee Annie Kline.

10. On or about July 16, 2007, the Respondent issued a suspension to its employee Annie Kline:

11. On or about August 17, 2008, the Respondent discharged its employee, Annie Kline.

12. The Respondent engaged in the conduct described above in paragraphs 9, 10, and 11 because its employees engaged in activities on behalf of the Union and to discourage its employees from engaging in such activities.

13. By the conduct described above in paragraph 8 Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

14. By the conduct described above in paragraphs 9 through 12, inclusive, Respondent has been discriminating in regard to the hire or tenure or terms and conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

3

14. The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

WHEREFORE, as part of the remedy for the unfair labor practices alleged above in paragraphs 9 through 12, inclusive, the General Counsel seeks an Order requiring that Respondent preserve and, within 14 days of a request, provide at the office designated by the Board or its agents, a copy of all payroll records, social security payment records, timecards, personnel records and reports, and all other records, including an electronic copy of such records if stored in electronic form, necessary to analyze the amount of backpay due under the terms of this order. If requested, the originals of such records shall be provided to the Board or its agents in the same manner. General Counsel further seeks as a remedy an Order requiring that any monetary remedy include compounded interest on a quarterly basis.

The General Counsel further seeks all other relief as may be appropriate to remedy the unfair labor practices alleged.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the complaint. The answer must be **received by this office on or before February 13, or postmarked on or before February 12, 2007.** Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties.

An answer may also be filed electronically by using the E-filing system on the Agency's website. In order to file an answer electronically, access the Agency's website at http://www.nlrb.gov, click on **E-Gov**, then click on the **E-Filing** link on the pull-down menu. Click on the "File Documents" button under "Regional, Subregional and Resident Offices" and

4

then follow the directions. The responsibility for the receipt and usability of the answer rests exclusively upon the sender. A failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. When an answer is filed electronically, an original and four paper copies must be sent to this office so that it is received no later than three business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the complaint are true.

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that on March 12, 2008 at 10:00 o'clock a.m. (Central Standard Time), at the NLRB Birmingham, Alabama Resident Office, 1130 22nd Street South, Suite 3400, Birmingham, Alabama, and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board. At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in the third amended consolidated complaint. The procedures to be followed at the hearing are described in the attached Form NLRB 4668. The procedure to request a postponement of the hearing is described in the attached Form-4668.

Dated at Atlanta, Georgia, this 30th day of January, 2008

Martin M. Arlook
Regional Director
National Labor Relations Board
233 Peachtree Street, N.E.
Harris Tower, Suite 1000
Atlanta, Georgia 30303

FORM NLRB-4668
(4-05)                                                                                                            (C CASES)

# SUMMARY OF STANDARD PROCEDURES IN FORMAL HEARINGS HELD BEFORE THE NATIONAL LABOR RELATIONS BOARD IN UNFAIR LABOR PRACTICE PROCEEDINGS PURSUANT TO SECTION 10 OF THE NATIONAL LABOR RELATIONS ACT

The hearing will be conducted by an administrative law judge of the National Labor Relations Board who will preside at the hearing as an independent, impartial finder of the facts and applicable law whose decision in due time will be served on the parties. The offices of the administrative law judges are located in Washington, DC; San Francisco, California; New York, N.Y.; and Atlanta, Georgia.

At the date, hour, and place for which the hearing is set, the administrative law judge, upon the joint request of the parties, will conduct a "prehearing" conference, prior to or shortly after the opening of the hearing, to ensure that the issues are sharp and clearcut; or the administrative law judge may independently conduct such a conference. The administrative law judge will preside at such conference, but may, if the occasion arises, permit the parties to engage in private discussions. The conference will not necessarily be recorded, but it may well be that the labors of the conference will be evinced in the ultimate record, for example, in the form of statements of position, stipulations, and concessions. Except under unusual circumstances, the administrative law judge conducting the prehearing conference will be the one who will conduct the hearing; and <u>it is expected that the formal hearing will commence or be resumed immediately upon completion of the prehearing conference.</u> No prejudice will result to any party unwilling to participate in or make stipulations or concessions during any prehearing conference.

*(This is not to be construed as preventing the parties from meeting earlier for similar purposes. To the contrary, the parties are encouraged to meet prior to the time set for hearing in an effort to narrow the issues.)*

Parties may be represented by an attorney or other representative and present evidence relevant to the issues. All parties appearing before this hearing who have or whose witnesses have handicaps falling within the provisions of Section 504 of the Rehabilitation Act of 1973, as amended, and 29 C.F.R. 100.603, and who in order to participate in this hearing need appropriate auxiliary aids, as defined in 29 C.F.R. 100.603, should notify the Regional Director as soon as possible and request the necessary assistance.

An official reporter will make the only official transcript of the proceedings, and all citations in briefs and arguments must refer to the official record. The Board will not certify any transcript other than the official transcript for use in any court litigation. Proposed corrections of the transcript should be submitted, either by way of stipulation or motion, to the administrative law judge for approval.

All matter that is spoken in the hearing room while the hearing is in session will be recorded by the official reporter unless the administrative law judge specifically directs off-the-record discussion. In the event that any party wishes to make off-the-record statements, a request to go off the record should be directed to the administrative law judge and not to the official reporter.

Statements of reasons in support of motions and objections should be specific and concise. The administrative law judge will allow an automatic exception to all adverse rulings and, upon appropriate order, an objection and exception will be permitted to stand to an entire line of questioning.

All exhibits offered in evidence shall be in duplicate. Copies of exhibits should be supplied to the administrative law judge and other parties at the time the exhibits are offered in evidence. If a copy of any exhibit is not available at the time the original is received, it will be the responsibility of the party offering such exhibit to submit the copy to the administrative law judge before the close of hearing. In the event such copy is not submitted, and the filing has not been waived by the administrative law judge, any ruling receiving the exhibit may be rescinded and the exhibit rejected.

Any party shall be entitled, on request, to a reasonable period of time at the close of the hearing for oral argument, which shall be included in the transcript of the hearing. In the absence of a request, the administrative law judge may ask for oral argument if, at the close of the hearing, it is believed that such argument would be beneficial to the understanding of the contentions of the parties and the factual issues involved.

(OVER)

Form NLRB-4668 (4-05) *Continued*

In the discretion of the administrative law judge, any party may, on request made before the close of the hearing, file a brief or proposed findings and conclusions, or both, with the administrative law judge who will fix the time for such filing. <u>Any such filing submitted shall be double-spaced on 8½ by 11 inch paper.</u>

<u>Attention</u> of the parties is called to the following requirements laid down in Section 102.42 of the Board's Rules and Regulations, with respect to the procedure to be followed <u>before</u> the proceeding is transferred to the Board:

No request for an extension of time within which to submit briefs or proposed findings to the administrative law judge will be considered unless received by the Chief Administrative Law Judge in Washington, DC (or, in cases under the branch offices in San Francisco, California; New York, New York; and Atlanta, Georgia, the Associate Chief Administrative Law Judge) at least 3 days prior to the expiration of time fixed for the submission of such documents. Notice of request for such extension of time must be served simultaneously on all other parties, and proof of such service furnished to the Chief Administrative Law Judge or the Associate Chief Administrative Law Judge, as the case may be. A quicker response is assured if the moving party secures the positions of the other parties and includes such in the request. All briefs or proposed findings filed with the administrative law judge must be submitted in triplicate, and may be printed or otherwise legibly duplicated with service on the other parties.

In due course the administrative law judge will prepare and file with the Board a decision in this proceeding, and will cause a copy thereof to be served on each of the parties. Upon filing of this decision, the Board will enter an order transferring this case to itself, and will serve copies of that order, setting forth the date of such transfer, on all parties. At that point, the administrative law judge's official connection with the case will cease.

The procedure to be followed before the Board from that point forward, with respect to the filing of exceptions to the administrative law judge's decision, the submission of supporting briefs, requests for oral argument before the Board, and related matters, is set forth in the Board's Rules and Regulations, particularly in Section 102.46 and following sections. A summary of the more pertinent of these provisions will be served on the parties together with the order transferring the case to the Board.

Adjustments or settlements consistent with the policies of the National Labor Relations Act reduce government expenditures and promote amity in labor relations. If adjustment appears possible, the administrative law judge may suggest discussions between the parties or, on request, will afford reasonable opportunity during the hearing for such discussions.