IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBIN ATWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:06 CV 1089-MEF |
| | ) |
| SMART ALABAMA, LLC, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO THE DEFENDANT'S
MOTION FOR RELIEF FROM ORDER**

**COMES NOW** the Plaintiff, through counsel, and responds to the Defendant's Motion for Relief from its Order granting the Defendant's Motion for Summary Judgment in part and in denying it in part. As grounds, the Plaintiff shows unto the Court as follows:

**I.      30/90 DAY RAISE ISSUE**

1.      While Plaintiff will address specific factual issues in this response, clearly, it appears that the Defendant feels that the Court either misread, misunderstood or misinterpreted the voluminous evidence and deposition testimony submitted pursuant to this Motion and in the Response. This Court issued a 28 page opinion which addresses each and every issue raised by the Defendant in its Motion and addressed by the Plaintiff in its response. The Order is thorough, contains case citations, evidence citations and countless deposition citations. The Plaintiff feels that this Order takes into account all of the evidence, and while the Plaintiff is not happy that some of her claims were dismissed pursuant to the Motion, the Order is legally and factually sound, and the issues raised now by the Defendant do not justify a second argument. Having said

that, obviously, the Plaintiff is compelled to address the issues raised in this Motion.

    2.    Concerning the 30 or 90 day raise issue, the Defendant remains incorrect that there is undisputed evidence that the Plaintiff was only entitled to a raise after 90 days.  Although it cites a section of the handbook which states that the "supervisor will conduct a formal review to discuss your performance to date and to answer any outstanding questions you may have", it does not state the exact time period required before Plaintiff was entitled to a raise.  Then, the Defendant cites the Plaintiff's deposition testimony which really only serves to support the Plaintiff's position that it is not clear whether she was entitled to a 30 or 90 day raise.  The Plaintiff states:

> Or 30 - or 90 - day, I am not certain.  Anyway, there was a raise.  That came in there where I had to have an evaluation.  Rance told me to write it out and I wrote it out.  He said I'll sign it.  I took it to him to sign it.  I felt like he wanted certain favors in order to sign that.  I tore it up and threw it in the garbage.  I never asked for my raise. (Plt.'s Depo., pp. 163:5-164:7.)

    3.    Consequently, while it still remains unclear whether the Plaintiff was entitled to a 30 or 90 day raise, the most important testimony lies in the words that the Defendant chose not to **BOLD FACE** in its response.  In the non **BOLD FACE** testimony that it cites, the Plaintiff clearly states that Rance told her he would sign her request for a raise and that once she completed it, she felt as though he wanted sexual favors in exchange, so she tore it up and threw it in the garbage.

    4.    Based upon this testimony, the 30 or 90 day issue is largely irrelevant because the Plaintiff states that Maddox conditioned his approval of her raise request on sexual favors, whether it occurred after 30 or 90 days.  The Court specifically addresses this on Page 20-21 of

its Order, and the Defendant has not, at this point, offered any credible evidence to rebut this testimony. The Court found that since the Plaintiff testified that Maddox conditioned his approval of her raise upon sexual favors, that was tantamount to tangible employment action. The Defendant has offered no new or enlightening evidence pursuant to this issue, and the Court's prior ruling should stand.

II.     **FARRAGHER-ELLERTH AFFIRMATIVE DEFENSE**

5.      Plaintiff truly does not understand the Defendant's argument in Section II of its response. It is clear from the Order that the Court found that the Plaintiff reported sexual harassment by Rance Maddox to Fran Hughes, and she did nothing about it. Secondly, the Court found that the Plaintiff discussed Maddox's conduct with Gary Sport on January 18, 2006 and that Sport asked Plaintiff to write a letter to Maddox rather than trying to correct the problem or discipline Maddox. Consequently, it is clear that the Court found that both Hughes and Sport failed to properly investigate the Plaintiff's claims; consequently, the Defendant is not entitled to this defense.

6.      The Defendant goes on to state that the Plaintiff does not know what she told Gary Sport during their discussion on January 18, 2006 in the cafeteria, and it bases this assertion on (2) two sentences of her deposition on Page 181 and 218 where she says "I don't remember exactly what my words were" and " I don't know in what detail". However, the Defendant fails to address the Plaintiff's previous testimony on Page 172, where she first addressed her January 18, 2006 meeting with Gary Sport in the cafeteria. There, she states:

> Q. What specifically did you tell Gary about Rance wanting to go to lunch?
> A. I don't remember my exact words but probably

      that, you know, he had been coming on to me and that I was
      uncomfortable with it and he calls all the time and asks me to
      go out to eat all the time and shows up.
      (Atwell Depo Pg. 172:3-12)

7.  Also, the Plaintiff testified that she reported to Gary during this meeting that Rance was trying to hold hands with her and that she went over everything with him that was making her uncomfortable. (Atwell Depo Pg. 181:14-17).

8.  Then again, later in the deposition, the Plaintiff again says that during the January 18, 2006 meeting she gave Gary a "gist" of "everything that was going on with Rance....". And she testified she was sure she told him how he had been acting and what he had been doing and what he had been saying. (Atwell Depo Pg. 255:19-23, 256:1-6.)

9.  Based upon this testimony, there is really no merit whatsoever to the Defendant's argument regarding the issue in this section of their Brief, and the issue needs no further discussion.

III.  **CONCLUSION**

The Defendant, in its Motion, has not offered any new or enlightening evidence that would justify this Court revisiting its Summary Judgment Order. Thus, the Plaintiff respectfully requests that the Defendant's Motion for Relief be denied.

              /s/ Richard F. Horsley
              **Richard F. Horsley   HOR023**
              **Attorney for Plaintiff**

**OF COUNSEL:**
**Richard F. Horsley**
**Lindsey O. Hill**
**KING, HORSLEY & LYONS, LLC**
**1 Metroplex, Suite 280**
**Birmingham, Alabama 35209**
**Telephone: (205) 871-1310**
**Facsimile: (205) 871-1370**
**Email: rfhala@cs.com**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing Response on all counsel of records listed below by placing a copy of same in the United States Mail, first class, postage pre-paid on this the 14th day of March, 2008.

**Kathryn M Willis**
**BURR & FORMAN LLP**
**420 North 20th Street, Suite 3100**
**Birmingham, Alabama 35203**

**Thomas F. Kelly, Jr., P.C.**
**17 Court Square**
**P. O. Box 605**
**Clayton, Alabama 36016**

                                            **/s/ Richard F. Horsley**
                                            **OF COUNSEL**